Submit order.

THOMAS BERRY, PLAINTIFF, v.
CRAFTSMAN *ET AL.*, DEFENDANTS.

Superior Court of New Jersey
Law Division

Decided March 17, 1977.

*Mr. Judson L. Levin* for plaintiff.

*Mr. Thomas M. Curry* for defendant State of New Jersey, Leesburg State Prison (*Mr. William F. Hyland,* Attorney General of New Jersey, attorney).

MILLER, J. C. C., Temporarily Assigned. The State of New Jersey has moved for summary judgment against plaintiff, an inmate at the State Prison at Leesburg. Plaintiff alleges that he was injured while he was operating an unguarded saw on the premises of Wax Specialties, Inc. He further alleges that this injury occurred because of the lack of a guard or protective device on the machine. At the time of the injury plaintiff was enrolled in a work release program authorized by the prison authorities. Plaintiff argues that the prison failed to provide him with a safe place to work and that this

negligence also consisted of permitting him to work on the Wax Specialties premises without due inspection to insure that proper safety precautions had been taken. In summary, he argues that there was a breach of duty to exercise due care for his safety, this being a facility designated by the State as a place in which he could participate in a work release program.

The State argues that summary judgment should be granted since no substantial basis for the imposition of liability against it exists under the New Jersey Tort Claims Act, *N. J. S. A.* 59:1–1, *et seq.* The State alleges that the legislative intent of the Tort Claims Act is clear; *N. J. S. A.* 59:1–2 provides that

> * * * it is hereby declared to be the public policy of this State that public entities shall only be liable for their negligence within the limitations of this act and in accordance with the fair and uniform principles established herein.

The State further enunciates the policy of the legislative declaration as set forth in *N. J. S. A.* 59:2–1(a):

> Except as otherwise provided by this act, a public entity is not liable for an injury, whether such injury arises out of an act or omission of the public entity or a public employee or any other person.

The intent of this statute is clearly to establish immunity for all governmental bodies except in conformity with the statute, *N. J. S. A.* 59:1–2. *English v. Newark Housing Auth.,* 138 *N. J. Super.* 425, 428 (App. Div. 1976). The State argues it is the plaintiff's duty to find exceptions to the otherwise general immunity provided by the statute.

The State likewise points out that with regard to the failure to inspect or of negligent inspection, a statutory remedy is provided, *N. J. S. A.* 59:2–6. It is argued that this statute applies only to a dangerous condition of that entity's property and not for a dangerous condition on the property of others. It is admitted that Wax Specialties, Inc.,

is a privately owned corporation and the alleged dangerous and unsafe condition resulting in the injury occurred on its property and not on public property.

Defendant's motion for summary judgment is granted. Public policy and the legislative declaration in *N. J. S. A.* 59:1-2 clearly dictates that defendant may not be held liable.

Work release is a program which allows qualified inmates an opportunity outside of the routine of normal prison life to commence their rehabilitation by allowing them to work outside the prison in a private sanctioned facility during working hours. This program enables qualified inmates to prepare for transition to society at the end of their term. This salutary purpose would be impeded if the type of liability sought to be imposed existed.

Summary judgment is granted in favor of the State.